CHARLOTTE MURPHY,        )
         )
    Plaintiff,        )
         )
         )
v.        )      No. 3:24-CV-459-JEM
         )
JOSEPH PATRICK MURPHY and        )
CRYSTAL MURPHY,        )
         )
    Defendants.        )

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 30].

On November 15, 2024, the Court entered the Order Governing Motions to Dismiss and directed the parties "to meet and confer prior to the filing of a motion to dismiss" [Doc. 3 p. 1]. On September 5, 2025, Defendants filed the Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") and certified that they had met and conferred as required [Doc. 24]. Later, on September 26, 2025, Plaintiff filed the Response in Opposition to Defendants' Motion to Dismiss and Supporting Memorandum of Law [Doc. 31]. Defendants did not file a reply.

Upon review of the parties' filings, it appears that the parties may not have participated in a good faith meet and confer as required by the Court's Order Governing Motions to Dismiss [Doc. 3]. *See Brady v. LTD Parts, Inc.*, No. 2:08-0058, 2009 WL 2224172, at *1 (M.D. Tenn. July 22, 2009) (noting that the meet and confer requirement is not an "empty formality," and that the parties are required to participate in a "meaningful meet and confer"). For instance, Defendants

argue that the Court should dismiss Plaintiff's breach of contract claim [*See* Doc 26 pp. 11–16]. But Plaintiff responds that she did not allege a breach of contract claim [Doc. 31 p. 11].

The Court therefore **DENIES WITHOUT PREJUDICE** Defendants' Motion to Dismiss [**Doc. 24**]. *See Rives v. Univ. of Tenn., et al.*, No. 3:22-CV-414, Doc. 21 (E.D. Tenn. Feb. 10, 2023) (striking the defendants' motion to dismiss for failure to meet and confer prior to filing); *see also Neale v. Coloplast Corp.*, No. 1:18-cv-00274, 2020 WL 8771652, at *1–2 (E.D. Tenn. Sept. 3, 2020) (denying motion to compel for failure to adequately meet and confer); *Scott v. Abernathy Motorcycle Sales, Inc.*, No. 1:18-cv-01077, 2019 WL 12056315, at *4 (W.D. Tenn. Jan. 18, 2019) ("The failure to confer in good faith is grounds alone for denying the motion."). The Court **ORDERS** the parties to meet and confer in person, telephonically, or by video conference by **April 17, 2026**, in accordance with Order Governing Motions to Dismiss [Doc. 3]. Defendants **SHALL** file a response to the Complaint on or before **May 8, 2026**. Any motion to dismiss filed by Defendants **SHALL** include the required certification [Doc. 3]. All other deadlines set forth in the Court's Scheduling Order [Doc. 36] remain in place.

　　　　**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge

2